**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOPOLEWSKI AMERICA, INC.,

Plaintiff,

vs.

STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT,

Defendant.

Case No.: 2:22-cv-02045-GMN-DJA

**ORDER**

Pending before the Court is Defendant State of California Employment Development Department's ("Defendant's") Motion to Dismiss, (ECF No. 9). Plaintiff Topolewski America, Inc. ("Plaintiff") filed a Response,[1] (ECF No. 12), and Defendant filed a Reply, (ECF No. 13).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

This case arises from Plaintiff's contention that Defendant wrongfully levied Plaintiff's bank accounts and subjected it to tax levy fees. (Compl. ¶ 12–13, ECF No. 1). Plaintiff alleges

[1] Plaintiff's Response included a Countermotion for Leave to File Amended Complaint. (Resp. 3:8–4:22, ECF No. 12). Pursuant to Local Rule IC 2-2(b), "for each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). Thus, the Court does not have to consider Plaintiff's Countermotion until it is filed separately, as a motion. *See Mutual of Enumclaw Insurance Company v. Vignola*, No. 2:16-cv-2080, at *1 n.1 (D. Nev. May 25, 2017). Despite this procedural violation, the Court nevertheless considers Plaintiff's Countermotion and DENIES it for the reasons set forth below.

it is a Nevada corporation with no California payroll.[2] (*Id.* ¶ 7). Defendant is a government entity in California. (*Id.* ¶ 9).

Plaintiff asserts that although it has no California payroll, Defendant "assessed wages [against it] in California" despite Defendant having no "evidence to support any assessment." (*Id.* ¶ 12). Plaintiff further maintains that Defendant wrongfully levied Plaintiff's bank accounts and charged it with tax levy fees. (*Id.* ¶¶ 13–14). Plaintiff filed an administrative appeal against Defendant, which was denied. (*Id.* ¶¶ 15–16). Plaintiff then filed an action against Defendant in California Superior Court which was dismissed because Plaintiff failed to exhaust its administrative remedies under California's tax refund procedure. (*See generally* Order Dismissing Action, Ex. D to Mot. Dismiss ("MTD"), ECF No. 9-4). Plaintiff subsequently initiated the present action, bringing claims for (1) conversion; (2) abuse of process; and (3) injunctive relief. (*Id.* ¶¶ 18–32). Defendant then filed the instant Motion to Dismiss, (ECF No. 9), which the Court discusses below.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

[2] Defendant disputes whether Plaintiff is a Nevada corporation with no California payroll, (Mot. Dismiss 3:26–28, ECF No. 9), but at this stage in the litigation, the Court assumes that the allegations in the Complaint are true (even if doubtful in fact). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendant now moves to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims are barred by the Eleventh Amendment, Tax Injunction Act, and comity doctrine. (MTD 7:9–10:9). The Court addresses each argument in turn, beginning with an examination of whether the Eleventh Amendment bars Plaintiff's claims.

### A. Eleventh Amendment

"[T]he Constitution does not provide for federal jurisdiction over suits against nonconsenting states." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). The Eleventh Amendment bars suits seeking either damages or injunctive relief "against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422–23 (9th Cir. 1991)). Congress may limit this immunity, but only through Section 5 of the Fourteenth Amendment and only where there is a "congruence and proportionality between the injury to be prevent or remedied and the means adopted to that end." *Kimel*, 528 U.S. at 81–82 (quoting *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997)). "Like a jurisdictional bar and unlike a traditional immunity, however, the effect of the Eleventh Amendment must be considered *sua sponte* by federal courts." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987); *see also Jones v. Becerra, Smittick v. Cal. Workers Compensation Appeals Bd.*, 10-cv-02251, 2010 WL 1929779, at *2 n.5 (C.D. Cal. May 11, 2010).

As relevant here, "the Ninth Circuit has already held that [California's Employment Development Department] is entitled to Eleventh Amendment immunity." *Fitzpatrick v. Cal. Emp't Dev. Dep't/State Disability Ins. Program*, No. 3:21-cv-01424, 2022 WL 3703857, at *2 (S.D. Cal. Aug. 26, 2022) (citing *Wood v. Sargent*, 694 F.2d 1159, 1161 (9th Cir. 1982) ("As to the defendants California Employment Development Department . . . the action is barred by the

Eleventh Amendment to the United States Constitution)). "Nor is this the first case where [a] [c]ourt has ruled that [California's Employment Development Department] is immune from suit under the Eleventh Amendment." *Id.*; *see Nelson v. Cal. Emp. Dev. Dep't*, No. 21-cv-2145, 2022 WL 687150, at *4 (S.D. Cal. Mar. 8, 2022) ("Plaintiff's suit against the [Employment Development Department] is barred by the Eleventh Amendment."); *Perryman v. Emp't Dev. Dep't Cal.*, No. 19-cv-01152, 2020 WL 6587243, at *3 (C.D. Cal. Aug. 26, 2020) ("[The Employment Development Department] is a state entity that enjoys Eleventh Amendment immunity."); *Taylor v. Cal. Emp't Dev. Dept.*, No. 2:11-cv-0602, 2013 WL 1281745, at *5 (E.D. Cal. Mar. 25, 2013). Accordingly, Plaintiff's claims are barred by the Eleventh Amendment.

**B. Tax Injunction Act & Comity Doctrine**

Additionally, Defendant contends that Plaintiff's claims are barred by the Tax Injunction Act and comity doctrine. (MTD 8:25–10:9); (Reply 11:21–13:7, ECF No. 13). Here, Plaintiff's allegations amount to a complaint that Defendant wrongfully levied Plaintiff's bank accounts and charged it with tax levy fees. (*See generally* Compl.). Plaintiff thereby seeks money damages as well as injunctive relief to enjoin Defendant from "issuing any further levies upon any and all bank accounts held by" Plaintiff. (*Id.*).

Under 28 U.S.C. § 1341, also called the Tax Injunction Act ("TIA"), "[t]he district courts shall not enjoin, suspend, or restrain, the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "Based on a plain reading of the statute, the district court does not have jurisdiction over [a] Taxpayers' action if it seeks district court interference with California's tax assessment and collection process." *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1337 (9th Cir. 1997).

///

The statute's "primary purpose is to prevent federal court intrusion into state tax collection, an area which deserves 'the utmost comity to state law and procedure.'" *Milpitas Cab Co. v. Emp't Dev. Dep't of the State of Cal.*, No. 15-cv-00730, 2015 WL 3750189, at *3 (N.D. Cal. June 12, 2015) (quoting *Jerron West, Inc.*, 129 F.3d at 1338). The TIA prohibits declaratory and injunctive relief, *see California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) ("[B]ecause Congress' intent in enacting the Tax Injunction Act was to prevent federal-court-interference with the assessment and collection of state taxes, we hold that the Act prohibits declaratory as well as injunctive relief."), as well as "actions that also seeks refunds or damages." *Tonya Washington v. Franchise Tax Board*, No. 15-cv-1254, 2016 WL 3167717, at *7 (C.D. Cal. May 5, 2016) (citing *Marvin F. Poer & Co. v. Cnts. of Alameda*, 725 F.2d 1234, 1235 (9th Cir. 1984).

The Supreme Court and the Ninth Circuit have held that California's refund procedures constitute a plain, speedy and efficient remedy for taxpayers. *See Grace Brethren Church*, 457 U.S. at 413 (holding that state law remedy was "plain, speedy and efficient" because appellees could seek a refund of their unemployment taxes through state administrative and judicial procedures and obtain state judicial review of their constitutional claims); *Franchise Tax Bd. v. Alcan Aluminum*, 493 U.S. 331, 338 (1990) ("California's [franchise tax] refund procedures constitute a plain, speedy, and efficient remedy."); *Jerron West, Inc*, 129 F.3d at 1339 ("The Supreme Court and this court have concluded that California's tax refund remedy is generally a 'plain, speedy and efficient' remedy under the Act."); *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974) ("We have held previously that the California refund procedure is a plain, speedy and efficient remedy.").

The California Court of Appeal outlined the applicable administrative process *Merch v. Concept Group, Inc. v. Cal. Unemp. Ins. Appeals Bd.*. 181 Cal. App. 4th 1274, 1281 (2010). To challenge a tax, a party must first file a claim for refund or credit. Cal. Unemp. Ins. Code.

§§ 1178(a), 1241(a). If the director of the Employment Development Department denies the claim for refund or credit, the claimant may file a petition for review with an administrative law judge. *Id*. §§ 1180, 1222. The administrative law judge will then review the matter and render a decision or order. *Id*. § 1223. The parties may file an appeal to the Board, and the Appeals Board will issue a decision. *Id*. §§ 1224, 1241. Once taxpayers have sought and been denied a refund, they may file an action in California Superior Court to challenge the validity of the tax and seek a refund for taxes paid. *Id*. § 1241; *Grace Brethren Church*, 457 U.S. 393, 413–14 (1982).

Here, Plaintiff does not contend that California lacks a plain, speedy, and efficient process, but rather, asserts it is exempted from this process because it is not a California corporation and "there are no California employees in order to exhaust its remedies." (Compl. ¶ 14); (*see generally* Resp., ECF No. 12). What Plaintiff omits is that the California Superior Court rejected this precise argument, explaining that California's administrative process does not distinguish between "California and out of state entities" and that "Plaintiff does not provide any case law in support of this assertion." (Order Dismissing Action at 4, Ex. D to MTD). Plaintiff presents no reason for the Court to deviate from the California Superior Court's conclusion. As the Complaint does not otherwise demonstrate that Plaintiff exhausted its administrative remedies, the proper channel for Plaintiff to bring any claim is through the administrative procedures provided under California law.

Therefore, to the extent Plaintiff seeks to enjoin Defendant from taking action to levy Plaintiff's bank accounts and charge it with tax levy fees, the TIA would bar such relief. And as to Plaintiff's request for money damages pursuant to its conversion and abuse of process claims, the TIA and comity doctrine would preclude such relief. *See Frederickson v. Starbucks Corp.*, 840 F.3d 1119, 1124 (9th Cir. 2016) ("The comity doctrine extends to claims seeking damages based on the same federalism concerns animating the Tax Injunction Act's limits on

declaratory and injunctive relief."). The Court's adjudication of Plaintiff's claims that Defendant is unlawfully levying Plaintiff's bank accounts and charging it with a tax lev fee "would risk disrupting California's administration of its tax system." *Sohmer v. Internal Revenue Service*, No. 18-cv-01172, 2018 WL 6133724, at *6 (C.D. Cal. Oct. 5, 2018); *see Chaudry v. Cnty. of San Diego*, No. 21-cv-1847, 2022 WL 4373418, at *7 (S.D. Cal. Sept. 20, 2022) ("Because the gravamen of Plaintiff's relief for damages interferes with the state's administration of its tax system, the TIA bars the relief Plaintiff seeks."). Accordingly, the Court may not consider Plaintiff's tax-related claims against Defendant pursuant to the TIA and comity doctrine.

In sum, Plaintiff's claims are barred by the Eleventh Amendment, TIA, and comity doctrine. Therefore, Defendant's Motion to Dismiss is GRANTED.

**C. Leave to File Amended Complaint**

Plaintiff's Response included a Countermotion for Leave to File Amended Complaint. (Resp. 3:8–4:22). Pursuant to Local Rule IC 2-2(b), "for each type of relief requested or purpose of the document, a separate document must be filed." LR IC 2-2(b). The Local Rules illustrate this rule with the following example: "separate documents must be filed for a response to a motion and a countermotion . . . rather than filing a response and a countermotion in one document." *Id*. Thus, Plaintiff's Countermotion violates Local Rule IC 2-2(b). *See Pribyl v. Allstate Ins. Co.*, No. 2:17-cv-2068, 2018 WL 4088015, at *4 (D. Nev. Aug. 27, 2018); *Georgiou Family Trust v. Ruthen*, No. 2:21-cv-1060, 2021 WL 5441137, at *2 (D. Nev. Nov. 19, 2021) ("Alternatively, plaintiffs request leave to amend the operative complaint in the event the court strikes the first amended complaint . . . . The court cannot consider plaintiffs' request for leave to amend their complaint unless it is filed separately, as a motion."). Although this procedural violation is a sufficient reason to deny the Countermotion, the Court will nevertheless evaluate the merits of the Countermotion.

Plaintiff's Amended Complaint seeks to add a claim under 42 U.S.C. § 1983 for violation of its due process rights under the Fourteenth Amendment, and Defendant's individual employees (in their official and individual capacity) who "acted outside the scope of their authority in levying [Plaintiff's] accounts without notice and an opportunity to respond." (Resp. 3:10–11). In response, Defendant contends the Court should decline leave to amend because the Eleventh Amendment, TIA, and comity doctrine bars Plaintiff's Amended Complaint. (Reply 11:21–12:13).

Under Fed. R. Civ. P. 15(a), a court should freely give leave to amend a pleading when justice so requires. Five factors, otherwise known as the Factors, should be weighed when deciding whether to give leave to amend: (1) undue delay; (2) bad faith or dilatory motive on the moving party's behalf; (3) repeated failure to cure deficiencies by previously allowed amendments; (4) undue prejudice to the opposing party caused by allowing amendment; and (5) futility of amendment. Although prejudice to the opposing party "carries the great weight[,] . . . a strong showing of any of the remaining Forman factors" can justify the denial of leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

"A motion for leave to amend should be denied on futility grounds when 'no sets of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Thimes Solutions Inc. v. TP Link USA Corp.*, No. 19-cv-10374, 2020 WL 6154192, at *2 (C.D. Cal. Aug. 31, 2020) (quoting *B-K Lighting, Inc. v. Fresno Valves & Casting*, No. 06-cv-02825, at *3 (C.D. Cal. Jan. 7, 2008); *see Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."). "A proposed amendment is futile if the new claim could be defeated by a motion to dismiss or a motion for summary judgment." *California v. Neville Chem. Co.*, 213 F. Supp. 2d 1142, 1144–45 (C.D. Cal. 2002) (quotation

omitted). "Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

Plaintiff's Countermotion only contends that the First Amended Complaint can plausibly allege that Defendant and its individual employees are not immune under the Eleventh Amendment. (Resp. 4:11–15). But Plaintiff's claims are barred by more than just the Eleventh Amendment. Even assuming Plaintiff's argument is correct, the Court is unable to adjudicate Plaintiff's Amended Complaint under the TIA and comity doctrine.

As stated, the TIA prohibits declaratory and injunctive relief. In addition to the TIA's bar on interfering with a state's tax assessment, the Supreme Court has also recognized that principles of comity bar a suit for damages brought in federal court under 42 U.S.C. § 1983 challenging a state tax assessment. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 113, 116 (1981). Replying on *McNary*, the Ninth Circuit rejected the taxpayer's argument that section 1983 is an exception to the bar under the TIA. *See Hawaii Tel. Co. v. State Dept. of Labor and Indus. Rels*, 627 F.2d 905, 910 (9th Cir. 1982) (noting that *McNary* did not definitely resolve the relationship between section 1983 and the [TIA] but "held that the principle of comity alone bars taxpayers' damages actions brought in federal courts under section 1983 to redress the allegedly unconstitutional administration of a state tax system").

By the Amended Complaint, Plaintiff seeks damages under 42 U.S.C. § 1983 for violation of his Due Process Rights under the Fourteenth Amendment. Because Plaintiff's relief interferes with the state's administration of its tax system, the TIA bars the relief Plaintiff seeks. *See Chaudry*, 2022 WL 4373418, at *7; *Docken v. City of Edgewood*, No. 14-cv-5365, 2015 WL 1529528, at *2 (W.D. Wash. Apr. 2, 2015) ("The TIA prohibits both declaratory and injunctive relief, as well as § 1983 suits for damages."). Further, even if the TIA does not explicitly bar this claim, it "must still be barred under the doctrine of comity." *Id*. (citing *McNary*, 454 U.S. at 116."). "Because of principles of comity and federalism, Congress never

authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishers an adequate legal remedy." *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 587 (1995) (citing *McNary*, 454 U.S. at 116). And the Court has already determined that Plaintiff has an adequate remedy under California's refund procedure. Accordingly, any damages claim under 42 U.S.C. § 1983 is barred by the TIA.[3]

**D. NRS § 18.010(2)(b)**

Defendant argues it is entitled to attorney's fees and costs incurred in defending this lawsuit because Plaintiff had no "reasonable grounds" to file this action following the California Superior Court dismissal of its first lawsuit for failure to exhaust administrative remedies. (MTD 10:11–13:1).

In diversity actions, like this case here, "federal courts are required to follow state law in determining whether to allow attorneys' fees." *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975). NRS § 18.010(2)(b) provides that a prevailing party can obtain an award of attorneys' fees if the court finds the action was "brought or maintained without reasonable ground." The Supreme Court of Nevada has often expressed that the decision to award attorneys' fees under section NRS § 18.010(2)(b) is "within the sound discretion of the district court." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005). However, the statute also gives considerable guidance touching on how the Legislature intended courts to exercise their discretion:

> The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations . . . to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

[3] Further, for the reasons set forth above, any claim for injunctive relief pursuant to a claim under 42 U.S.C. § 1983, or any of Plaintiff's other causes of action for that matter, are barred by the TIA and comity doctrine.

NRS § 18.010(2)(b). The Court is mindful that a claim, "though ultimately unsuccessful," is not necessarily frivolous. *Schneider v. Elko cnty. Sheriff's Dept.*, 17 F. Supp. 2d 1162, 1164 (D. Nev. 1998). As the Ninth Circuit observed, there exists a "middle ground where failing claims—non-frivolous and made in good faith—are not entitled to attorney's fees." *Jensen v. City of San Jose*, 806 F.2d 899, 901 (9th Cir. 1986).

Here, the Court finds that the circumstances of this case show that Plaintiff lacked reasonable grounds to bring and maintain this suit. Plaintiff's bad faith is evinced by two separate but related facts. *See Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (stating that a court's decision to award fees is discretionary, but "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party).

First, Plaintiff began the administrative appeal process in California by filing an appeal against Defendant but abandoned this process prior to completing exhaustion. (Compl. ¶ 15–16). This abandonment demonstrates that Plaintiff knew the administrative process existed and was readily available. Second, Plaintiff initiated this action following the dismissal of its case before the California Superior Court. As stated, the California Superior Court rejected Plaintiff's argument that it is exempted from California's administrative process because it is an out of state corporation and thus not a taxpayer of the state. (Order Dismissing Action at 4, Ex. D to MTD). If Plaintiff disagreed with this conclusion, the proper course of action would have to appeal, not file a new action in this Court. Further, this decision again notified Plaintiff that it had a plain and speedy process outside this Court.

Based on the foregoing, the Court finds that Plaintiff's action was frivolous when initiated because it knew that it failed to exhaust its administrative remedies, and a plain and speedy process existed outside the Court through California's tax refund procedure. *See Chemeon Surface Tech. v. Metalast Int'l, Inc.*, No. 3:15-cv-00294, 2021 WL 2345350, at *5 (D.

Nev. June 8, 2021) ("The claim will only be found if it is not well grounded in fact or is not warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.").

Accordingly, the Court awards Defendant attorney's fees and costs incurred in defending this action under NRS § 18.010(2)(b). Defendant shall submit a motion for reasonable attorney's fees and costs that complies with Local Rule 54–16.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 9), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close the case and enter judgment in favor of Defendant California Employment Development Department.

**DATED** this 31 day of March, 2023.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT